# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL ADAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 16-1096 |
| ) | Crim. Case No. 11-10037 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER AND OPINION

This matter is now before the Court on Petitioner Adams' § 2255 Motion to Vacate, Set Aside, or Correct Sentence. For the reasons set forth below, Petitioner's Motion [1] is Denied.

### BACKGROUND

Petitioner Adams filed this § 2255 action seeking to vacate, set aside, or correct his sentence pursuant to *Johnson v. United States*, 135 S.Ct. 2251 (2015). Adams pled guilty to a charge of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) on July 22, 2011. Because he had at least one prior conviction for armed robbery and two prior convictions for robbery, he qualified for sentencing as an Armed Career Criminal under 18 U.S.C. § 924(e) (the "ACCA").[1] On December 2, 2011, Adams was sentenced to 180 months' imprisonment concurrent to his undischarged state sentences.[2] He now argues that after *Johnson*, because his convictions for robbery are not enumerated in the ACCA, they fall under the residual clause and

---

[1] The Presentence Report in 11-10037 indicates that Adams was convicted of armed robbery in Cook County, Illinois Case No. 81-17671, robbery and aggravated battery in Cook County, Illinois Case No. 82-6841, armed robbery in Cook County, Illinois Case No. 85C00201504, and aggravated battery in Knox County, Illinois Case No. 95-CF-297.

[2] Cook County, Illinois Case No. 85C00201504 conviction for armed robbery; Will County, Illinois Case No. 93-CF-2275 conviction for unlawful use of a weapon by a felon; Knox County, Illinois Case No. 95-CF-297 conviction for aggravated battery; Montgomery County, Illinois Case No. 97-CF-65 conviction for aggravated battery.

are no longer deemed violent felonies capable of supporting his sentence. The matter is fully briefed, and this Order follows.

## STANDARD OF REVIEW

A petitioner may avail himself of § 2255 relief only if he can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude or result in a complete miscarriage of justice." *Boyer v. United States*, 55 F.2d 296, 298 (7th Cir. 1995), *cert. denied*, 116 S.Ct. 268 (1995). Section 2255 is limited to correcting errors that "vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude." *Guinan v. United States*, 6 F.3d 468, 470 (7th Cir. 1993), citing *Scott v. United States*, 997 F.2d 340 (7th Cir. 1993). A § 2255 motion is not, however, a substitute for a direct appeal. *Doe v. United States*, 51 F.3d 693, 698 (7th Cir.), *cert. denied*, 116 S.Ct. 205 (1995); *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996). Federal prisoners may not use § 2255 as a vehicle to circumvent decisions made by the appellate court in a direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Doe*, 51 F.3d at 698.

## ANALYSIS

Adams claims in his § 2255 Motion that his sentence is invalid because the Court found that he was eligible for an enhanced sentence as an armed career criminal based on robbery convictions that no longer qualify under the ACCA. On June 26, 2015, the Supreme Court held that the residual clause of the Armed Career Criminal Act violates due process because the clause is too vague to provide adequate notice. *Johnson v. United States*, 135 S.Ct. 2551 (2015). In *Price v. United States*, the Seventh Circuit held that *Johnson* announced a new substantive rule of constitutional law that the Supreme Court has categorically made retroactive to final convictions.

795 F.3d 731, 732 (7th Cir. 2015). That decision also made clear that *Johnson* is retroactive not only to cases on direct appeal, but also to cases on collateral review. *Id.*

The penalty for an offense under 18 U.S.C. § 922(g) is normally up to 10 years' imprisonment. The ACCA provides for this sentence to be increased to a mandatory term of 15 years to life if the defendant has three previous convictions for a violent felony, serious drug offense, or both. 18 U.S.C. § 924(e)(1); *Welch v. United States*, ___ U.S. ___, 136 S.Ct. 1257, 1261 (2016). The Act defines "violent felony" as:

> [A]ny crime punishable by imprisonment for a term exceeding one year ... that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

§ 924(e)(2)(B); *Welsh*, 136 S.Ct. at 1261. Subsection (i) of this definition is known as the "elements clause." The end of subsection (ii)—"or otherwise involves conduct that presents a serious potential risk of physical injury to another"—is known as the residual clause. See *Johnson, supra,* at ——, 135 S.Ct., at 2555–2556. It is the residual clause that *Johnson* held to be vague and invalid.

Adams' Motion seeks to invoke *Johnson*, claiming that his prior convictions for robbery fell within the residual clause of the definition of "violent felony" under the ACCA. The Government argues that the robbery convictions qualified as violent felonies under the elements clause of § 924(e), as robbery "has as an element the use, attempted use, or threatened use of physical force against the person of another." While *Johnson* invalidated the residual clause of the ACCA, the holding did not disturb the elements clause. *United States v. Duncan*, ___ F.3d ___, 2016 WL 4254936, at * 4 (7th Cir. 2016).

3

Evaluating prior convictions to determine whether they qualify as violent felonies implements a categorical approach that looks at the elements of the statute itself, not the particular facts underlying the conviction. *Id.*, 2016 WL 4254936, at *2; *Taylor v. United States*, 495 U.S. 575, 600 (1990); *Descamps v. United* States, 570 U.S. ___, 133 S.Ct. 2276, 2283 (2013); United *States v. Rogers*, 804 F.3d 1233, 1236 (7th Cir. 2015). As Adams' prior robbery convictions came out of Illinois, the Court must turn to Illinois law to evaluate the elements of the offense.

Adams was charged with and convicted of robbery under 720 ILCS 5/18-1 and armed robbery under 720 ILCS 5/18-2. At that time, § 5/18-1 provided: "A person commits robbery when he [or she] takes property, except a motor vehicle covered by Section 18-3 or 18-4, from the person or presence of another by the use of force or by threatening the imminent use of force." Section 5/18-2 provided: "A person commits armed robbery when he [or she] violated Section 18-1; and" carries on or about his person or is otherwise armed with a firearm or other dangerous weapon. Accordingly, the elements of both robbery and armed robbery clearly included the use, attempted use, or threatened use of physical force against the person of another and would continue to qualify as a "violent felony" or "crime of violence" under the elements clause even in the wake of *Johnson*. *See also*, *United States v. Carter*, 910 F.2d 1524, 1532 (7th Cir. 1990) (holding that in Illinois, robbery is a crime of violence under the USSG "because it is defined as the taking of property 'by the use of force or by threatening the imminent use of force'"); *United States v. Dickerson*, 901 F.2d 579, 583-85 (7th Cir. 1990); *Gregory v. United States*, 2016 WL 3916981 at *2 (S.D.Ill. July 20, 2016).

In his reply, Adams argues that the PSR incorrectly states his prior offenses. He claims that as a result of plea bargains, his 1981 charges resulted in only a robbery conviction and the

4

charge of aggravated battery was dropped on his 1982 charges. The Court first notes that Adams did not make these objections to the accuracy of the PSR at sentencing and has therefore waived them. However, even assuming that his characterizations of his 1981 and 1982 convictions are correct, whether he pled guilty to robbery or armed robbery does not change the analysis, as both convictions qualify as violent felonies under the elements clause. Nor does the elimination of one aggravated battery offense have any impact, as he concedes that he was convicted of armed robbery in the 1985 case and aggravated battery in the 1995 case. These unchallenged convictions, in combination with the two convictions for robbery that also qualify under the elements clause, more than meet the requirements for sentencing as armed career criminal. His argument is without merit.

Therefore, Adams is not entitled to relief under *Johnson*, and his Motion must be denied.

### CERTIFICATE OF APPEALABILITY

To obtain a certificate of appealability, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C § 2253(c)(2). The petitioner must also show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, the claims are based on an erroneous interpretation of the holding in Johnson. No reasonable jurist could conclude that Adams' claims were not either devoid of factual support or flatly contradicted by the well-established law of this Circuit. Accordingly, this Court will not issue him a certificate of appealability.

**CONCLUSION**

For the reasons stated above, Petitioner Adams' Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 USC § 2255 [1] is DENIED, and the Court declines to issue a Certificate of Appealability.  This matter is now terminated.

ENTERED this 25th day of August, 2016.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge
